## CIRCUIT COURT OF PAGE COUNTY

Commonwealth of Virginia

v.

Alexander Henry Bennett, III

February 12, 1999

Case No. 98F00282

BY JUDGE JOHN J. MCGRATH, JR.

In August of 1998, the Grand Jury of Page County returned an indictment against the Defendant charging that between June 1, 1997, and October 31, 1997, he feloniously engaged in fellatio with a male child under the age of thirteen years in violation of § 18.2-67.1 of the Code of Virginia. The alleged victim in this case was born May 31, 1985.

When the case was called for a bench trial on December 9, 1998, the Commonwealth announced that they were not prepared to proceed because the complaining witness upon entering the courtroom that morning had had something of a traumatic breakdown and was refusing to testify.

The Commonwealth, therefore, moved pursuant to § 18.2-67.9 for leave to continue the trial date and to utilize closed circuit TV for the purpose of taking the alleged victim's testimony. The trial judge presiding on that day held a hearing taking testimony from the complaining witness, the complaining witness' mother, and the complaining witness' mental health care provider. After hearing this evidence, the trial judge concluded tentatively that the requirements of § 18.2-67.9 had been met and that closed circuit TV would be ordered for the trial, which was rescheduled for February 16, 1999.

During the hearing held on December 9, 1998, defense counsel asked for an opportunity to file a motion and memorandum challenging the constitutionality of § 18.2-67.9 under the confrontation clause of the Federal

Constitution and under the confrontation clause contained in the Virginia Constitution, Article I, § 8. The motion filed by the defendant challenged the constitutionality of § 18.2-67.9 on its face and also asserted that it could not be applied in the facts of this case consistent with the Supreme Court's opinion in *Maryland v. Craig*, 497 U.S. 836 (1990).

Although at the December 9, 1998, hearing, the defendant had argued that § 18.2-67.9 did not apply in this case because the complaining witness is fourteen years old (although he was twelve years old at the time of the alleged offense), the Defendant's argument was that § 18.2-67.9 of the Code did not apply in this case because it was intended to cover only situations in which the witness was twelve years or under at the time of the testimony. Although this argument was rejected by the judge hearing the case on December 9, 1998, the defendant has not further briefed this issue or moved for reconsideration of that ruling.

The Defendant in this case raises serious and broad constitutionality-based challenges to the validity of § 18.2-67.9. Defendant further raises a number of issues in light of the testimony elicited on December 9, 1998, of whether, in view of the Supreme Court's holding in *Maryland v. Craig*, 497 U.S. 836 (1990), this statute even if constitutional would be applicable in this case.

This Court is of the view that it need not reach at this time the constitutional issues which are raised by the defendant. The Court has examined § 18.2-67.9 of the Code very carefully. Starting with the proposition that this section of the Code is in derogation of the common law and can effect a severe restriction upon the fundamental constitutional right of confrontation, this provision of the Code must be strictly and narrowly construed.

Although the Supreme Court in *Maryland v. Craig* did not specify a constitutionality-mandated age cutoff for the use of a closed circuit television system, the child victim in that case was approximately six years old and a number of states which have enacted laws similar to § 18.2-67.9 permit them to be applied for witnesses up to the age of eighteen. (See P. DerOhannesian, II, *Sexual Assault Trials*, § 5.19 (1995)). The Virginia Code specifically makes its provisions applicable only when the age of the victim child is "twelve or under."

Subpart A of § 18.2-67.9 is concededly worded somewhat ambiguously and could be read to apply to the testimony of any witness in a case so long as the alleged victim at the time of the offense was twelve or under. However, this would appear to be a strained and illogical reading of the statute. Such a reading which is advanced by the Commonwealth would mean that although the alleged victim was eleven or twelve years of age at the time of the offense

and the charges were brought some five or ten years later, then that individual could testify when they were twenty or more years old via the closed circuit television because at the time of the offense, they were twelve or less.

This is clearly not the purpose for which the legislation was enacted, and it clearly was not the intent of the legislature to permit the open-ended use of closed circuit television, irrespective of the age of the alleged victim at the time of trial.

Therefore, this Court holds that under the facts stated in this case, the Commonwealth's motion to utilize § 18.2-67.9 is denied because the complaining witness at the time of the trial will be thirteen years of age and thus not eligible to testify in the fashion contemplated by § 18.2-67.9.

This does not necessarily mean, however, that the Commonwealth is without alternate remedies. See § 19.2-266 of the Code of Virginia; see also *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555 (1980); *United States v. Jacobson,* 785 F. Supp. 563 (E.D. Va. 1992); *see also* P. DerOhannesian, II, *Sexual Assault Trials* at § 2.3.

The Clerk of the Court is directed to send attested copies of this Opinion and Order to Nancy M. Reed, Esq., Assistant Commonwealth's Attorney, and to Arthur Goff, Esq., counsel for the defendant.